IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

THOMAS P. RICHARD, SR., EM-8033, )
    Petitioner, )
     )
    v. )   2:11-cv-1075
     )
BARBARA JOLLIE, et al., )
    Respondents. )

REPORT and RECOMMENDATION

I. Recommendation:

It is respectfully recommended that the petition of Thomas P. Richard, Sr. for a writ of habeas corpus be transferred to the United States Court of Appeals for consideration as a successive petition.

II. Report:

Thomas Pl. Richard, Sr., and inmate at the State Correctional Institution at Graterford has presented what he labels as a "Hazel-Atlas" Action which he has been granted leave to prosecute in forma pauperis.[1]

Richard is presently serving a 25½ to 51 year sentence imposed following his conviction, by a jury of rape, involuntary deviate sexual intercourse, aggravated indecent assault, simple assault, endangering the welfare of children and corruption of the morals of a minor at No. 3607 of 2000 in the Court of Common Pleas of Westmoreland County, Pennsylvania. This sentence was imposed on October 25, 2000.[2]

Richard previously filed a habeas petition in this Court which was docketed at No. 2:07-cv-16. The latter petition was dismissed on January 8, 2008 and a certificate of appealability was denied. On March 19, 2008, the United States Court of Appeals for the Third Circuit also denied a certificate of appealability.[3]

---

[1] Hazel-Atlas v. Hartford-Empire Co., 322 U.S. 238 (1944) held that an exception to the finality of judgment rule arises where a viable claim of after-discovered fraud arises thus permitting an equitable attack on that judgment.
[2] See: Docket 2:07-cv-16.
[3] Id.

1

On September 21, 2009 Richard again filed a petition for a writ of habeas corpus in this Court.[4] On January 29, 2010 the petition was transferred to the Court of Appeals as a successive petition and on March 31, 2010, the latter Court denied the petition as a successive one.

On August 17, 2011, Richard executed the instant petition which he denominates as a Hazel-Atlas Action in which he alleges that as a result of the fraud perpetrated on the federal courts "his judgments of denial of habeas corpus at Nos. 07-016 and 09-1628, be set-aside and/or VACATED, and his habeas relief ordered immediately FORTHWITH."[5] What Richard is seeking here is to challenge his state court conviction and secure habeas relief, despite the fact that he is attempting to do so in end-run around the successive petition statute by bald allegations of fraud by the state authorities in opposing his original habeas petitions. In Preiser v. Rodriguez, 411 U.S. 475 (1973), the Court held that habeas corpus is the exclusive means for a state prisoner to challenge his conviction in federal court. This is still the case which Richard presents here, that is, he is attempting to gain an invalidation of his conviction, and the instant petition is a successive one.

The Antiterrorism and Effective Death Penalty Act, signed into law on April 24, 1996, included several major reforms to the federal habeas corpus laws. As part of this habeas corpus reform, Congress amended 28 U.S.C. § 2244 to prohibit district courts from entertaining claims presented in a second or successive habeas corpus application unless the appropriate federal court of appeals authorizes such filing. The relevant amended language provides as follows:

> (A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
>
> (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
>
> (C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
>
> D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.

---

[4] See: Docket No. 2:09-cv-1628. The latter case was originally filed in the Eastern District of Pennsylvania and subsequently transferred to this Court in that the conviction occurred in this District.
[5] See: Petition at p.2.

(E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

28 U.S.C. § 2244(b)(3).

    Because it would appear that this Court cannot consider the instant successive petition without leave of the Court of Appeals, it is recommended that the petition be transferred to the United States Court of Appeals for authorization, if any, to proceed with the petition here.

    Litigants who seek to challenge this Report and Recommendation must seek review by the district judge by filing objections within fourteen (14) days of this date. Failure to do so will waive the right to appeal.

Filed: August 22, 2011　　　　　　　　　　　　　　Respectfully submitted,
　　　　　　　　　　　　　　　　　　　　　　　　s/ Robert C. Mitchell
　　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge