IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

THOMAS P. RICHARD, SR., EM-8033,   )
                                   )
            Petitioner,            )
                                   )
        v.                         )   No. 2:11-cv-1075
                                   )
BARBARA JOLIE, et al,              )
                                   )
            Respondents            )

## MEMORANDUM OPINION AND ORDER

On August 22, 2011, the Plaintiff/Petitioner, Thomas Richard ("Richard"), filed an action in equity, styled as a Hazel-Atlas action, alleging that various government officials perpetrated a fraud upon this court, the Court of Appeals for the Third Circuit, and the United States Supreme Court and requested equitable relief, including discharge from custody. On August 22, 2011, a Report and Recommendation (the "Report") was filed by the United States Magistrate Judge recommending that the action be transferred to the court of appeals for consideration as a successive petition. On September 2, 2011, Richard filed objections to the Report.

In his objections, Richard asserts that the magistrate judge's Report erred in labeling this Hazel-Atlas request for relief from judgment as a successive petition and when it cited Preiser v. Rodriguez , 511 U.S. 475 (1973) (habeas relief is the

exclusive means for a state prisoner to challenge his conviction in federal court) as controlling in this matter.

It is uncertain whether Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944), authorizes a federal district court to equitably reconsider fraudulently-obtained state court judgments. See Williams v. Vaughn, No. Civ.A. 02-1077, 2005 WL 3348863, at *2 (E.D.Pa. Dec. 8, 2005). Courts of appeals which have broached the question have held that a federal district court may only exercise its equitable powers where "`the fraud was perpetrated on the federal court and resulted in the denial of federal habeas relief, not where the fraud was perpetrated on the state court.' Gonzalez v. Secretary for the Department of Corrections, 366 F.3d 1253, 1285 (11th Cir.2004); Fierro v. Johnson, 197 F.3d 147, 153-54 (5th Cir.1999) (stating a federal court can only review federal court judgments under Hazel-Atlas, not state court judgments)." Id.

Richard alleged that the Defendant/Respondents, all officers of the court, perpetrated a fraud in the state court, that, in turn, corrupted the federal habeas proceedings. Richard first claims that the prosecuting attorney (Jolie): 1) fabricated and withheld evidence concerning medical records; 2) improperly coached the child witness; and 3) allowed witnesses to falsify their testimonies. Richard avers that Defendant/Respondents, Assistant District Attorneys Pacek,

Petrush, and Grace, were complicit in Jolie's plan to defraud the court. Richard states that the trial judge (Judge Blehovec) willfully suppressed the subject medical records from the certified record. Finally, Richard complains that Defendant/Respondent Patterson, the Clerk of Courts, intentionally excluded the transcript of Richard's preliminary hearing from the certified record.

Clearly, these allegations describe an alleged fraud in the state court. Richard, however, as noted, contends the fraud exacted on the state court has sullied the federal habeas proceedings because the alleged nefarious activity of the state court officers caused the federal court to overlook meritorious issues.

A close examination of the proceedings reveals that the magistrate judge correctly determined that Richard, regardless of his labeling this proceeding as a request for <u>Hazel</u>-<u>Atlas</u> equitable relief, is "attempting to . . . end-run around the successive petition statute by bald accusations of fraud by the state authorities in opposing his original habeas petitions." Report at 2.

On February 25, 2009, Richard filed an application pursuant to 28 U.S.C. § 2244 with the Court of Appeals for the Third Circuit to file a second or successive petition based upon testimony contained in the preliminary hearing transcript. In

his application, Richard raised the same claims of prosecutorial misconduct as alleged in this present action. With respect to these accusations, the court of appeals determined that "Petitioner has not shown that the factual predicate for the claim could not have been discovered previously through the exercise of due diligence, and that the facts, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)." In Re Thomas P. Richard Sr., No 09-1513, Order of Apr. 9, 2009 (3d Cir. 2009).

Although Richard is now attempting to redesign his prosecutorial misconduct claims to justify his assertion that a fraud occurred in the federal court, in fact, these identical claims were already adjudicated by the court of appeals. Therefore, with respect to the prosecutorial misconduct allegations, the Report correctly concluded that the claims cannot be considered without leave of the court of appeals.

Next, even assuming that this court has jurisdiction over Richard's Hazel-Atlas action, his complaints concerning fraud by the trial judge and the clerk of courts, while new, are likewise without merit.

To meet the demanding standard for proof of fraud upon

the court, there must be: "(1) an intentional fraud; (2) by an officer of the court; (3) which is directed at the court itself; and (4) in fact deceives the court." Herring v. United States, 424 F.3d 384, 386-87 (3d Cir. 2005). "[F]raud on the court may be justified only by 'the most egregious misconduct directed to the court itself', and that it 'must be supported by clear, unequivocal and convincing evidence'." Id. at 387 (quoting In re Coordinated Pretrial Proceedings in Antibiotic Antitrust Actions, 538 F.2d 180, 185, (8th Cir. 1976)).

Except for the named Defendants/ Respondents being officers of the court, Richard fails to meet these requirements in any respect. First, as to the trial judge, there simply is no evidence of intentional fraud. Indeed, the cited testimony from the transcript, allegedly demonstrating the trial judge's willful suppression of the medical evidence from the record, arose from an exchange with the prosecution about whether a nurse's report, which formed the basis for the nurse's testimony, should be admitted into evidence. This court cannot conceive this discussion could possibly be viewed as an act intended to deceive this court or as actually deceiving this court.

The allegations of fraud leveled at the clerk of courts are likewise markedly deficient. Richard, without factual predicate, asserts that the clerk made the preliminary

hearing transcript "disappear." The fact that Richard eventually came to possess the transcript underscores his inability to prove, first, that the transcript actually disappeared and, second, that the clerk of courts was responsible for the transcript's exclusion from the record. It is clear that the federal court was not deceived by the transcript's original omission from the record, as the court of appeals specifically referenced it in its April 9, 2009 order denying Richard's application for relief.

Richard's second argument is that the Report mistakenly relied upon the holding in Preiser v. Rodriguez, 511 U.S. 475 (1973), that habeas relief is the exclusive means for a state prisoner to challenge his conviction in federal court. While the above-discussion suggests the possibility that a state prisoner can bring an action in equity in federal court in extremely limited situations and can seek only limited relief,[1] Richards did not properly allege the requisites for such an action. Despite his protestations of fraud and pleas for relief

---

[1] In an unpublished opinion, the court of appeals explained that it was unaware of any power that a federal court has to overturn a state criminal conviction obtained by fraud, outside of the power authorized by statute, namely a 28 U.S.C. § 2254 writ of habeas corpus. Wells v. King, 340 F. App'x 57, 58 (3d Cir. 2009).

beyond the invalidation of his state court conviction, the magistrate judge's Report correctly identified this pleading for what it is – a successive habeas petition.

AND NOW, this 5th day of October, 2011, after the plaintiff filed an action in the above-captioned case, and after a Report and Recommendation was filed by the United States Magistrate Judge granting the parties fourteen days after being served with a copy to file written objections thereto, and upon consideration of the objections filed by Plaintiff/Petitioner Thomas Richard, and upon independent review of the motions and the record, and upon consideration of the magistrate judge's Report and Recommendation (ECF No. 6), which is adopted, as amended by this memorandum opinion and order, as the opinion of this court,

IT IS ORDERED that Plaintiff/Petitioner's Hazel-Atlas action (ECF No. 2) is transferred to the United States Court of Appeals for the Third Circuit forthwith as a successive petition.

_____
United States District Judge